## SUPREME COURT.

### Anibal agt. Hunter.

In slander, an answer justifying the speaking of the words, must confess the speaking thereof.

An answer merely stating that the words spoken are true, is insufficient as a justification: it should state the facts which go to constitute the crime imputed, so that an issue, either of law or fact may be framed.

Where the ground of demurrer to an answer is that "it does not state facts sufficient to constitute a defence" it is sufficient merely to state that fact as the ground thereof, without pointing out wherein it is insufficient in other respects.

[*This case agrees with Sayles vs. Wooden, ante page* 84, *and Pike vs. Van Wormer, ante* 99, *and s. c.* 5 *Howard, Pr. R.* 171].

*Saratoga Special Term, January* 1851. The complaint is in slander, and contains four counts. The first count is for words charging the plaintiff with larceny. "He stole a watch, &c." The second count is for a similar charge, with some variations. The third count is for committing perjury in giving evidence in the Montgomery Sessions on the trial of an indictment against one Robinson, setting out the words. The fourth count is for swearing to a lie and perjuring himself in an answer to a complaint in an action in this court in which Isaac Van Valkenburgh and Isaac Lefever were plaintiffs, and the (now) plaintiff was defendant; which answer it is averred was put in upon oath duly taken.

The defendant, 1st, denies speaking of any of the words charged in the complaint. This is the old general issue and extends to the whole complaint.

The *second* defence in the answer (or separate statement) denies each and every allegation contained in the complaint, except

as therein stated and admitted. It then proceeds to state that in April 1850, Isaac Lefever and Isaac Van Valkenburgh commenced a suit in the Supreme Court against the now plaintiff by summons and complaint, for goods, wares and merchandize, money lent and advanced by the plaintiffs in that suit to the defendant therein at his request in the years 1847, 1848 and 1849, to the amount of $188·68. That on the 29th April 1850, the now plaintiff put in an answer to that complaint which he duly swore to before a justice (setting out the jurat), in which answer, among other things, he swore that no part of the action mentioned in the plaintiff's complaint accrued or was incurred since the first day of December 1849; that previous to and until the 29th day of December 1849, he was an infant, under the age of twenty-one years, and that all the causes of action mentioned in the complaint accrued while the defendant was an infant as aforesaid; and further answering, the defendant in that suit said, that in June 1848, he paid the plaintiffs $19 in money; whereas in truth and in fact, the said plaintiff (defendant in that suit) was not an infant under the age of twenty-one years previous to and until the 29th December 1849, and the said causes of action did not accrue while the said plaintiff was an infant; and whereas the said plaintiff (defendant in that suit) did not about the month of June 1848, or at any other time pay the plaintiff in that suit $19 in money; that the defendant in that suit, when he so deposed and swore to the truth of said answer, then and there knew it to be false.

The answer then alleges that the complaint of Van Valkenburg et al. was duly verified, and that the matters in the answer of the defendant in that cause were material, and that the defendant in that cause thus committed wilful and corrupt perjury in his said answer.

The *third* defence in the answer is, that the words charged to have been spoken in the fourth count of the complaint are true.

The fourth defence in the answer is that the plaintiff's general character is bad.

The plaintiff has demurred to the second item of the answer,

Anibal agt. Hunter.

called in the demurrer the third item, but sufficiently described by the folios to be identified, alleging that it does not state facts enough to constitute a defence.

The plaintiff has demurred also to the third answer, that it does not state facts sufficient to constitute a defence.

There is also a demurrer, which is said to cover an allegation in the answer between folios 10 and 11, for the same reason; but in my analysis of the pleading, I have placed that allegation as a part of the second answer; as a distinct answer it is no defence, but probably was intended as a part of the second defence stated in the answer.

A. H. AYRES, *for the Plaintiff.*

W. GLEASON, *for the Defendant.*

WILLARD, Justice.—The defendant insists that the demurrer should be disregarded because it does not state specifically the grounds on which it is founded. It merely says that the answer to which it is interposed, "does not state facts sufficient to constitute a defence." If we compare the 144th section of the Code with the 153d, it will be obvious that nothing more need be stated in the demurrer for insufficiency than is set up in the present demurrer. This objection is not well taken. (Durkee vs. S. and W. Rail Road Co., 4 *How. Pr. R.* 226, 3 *do.* 281; 5 *do.* 112).

The second defence set up in the answer to which the demurrer is interposed, is bad, because it does not confess the speaking of the words intended to be justified (1 *Chit. Pl.* 511; 1 *Starkie on Slander, Wendell's ed. p.* 421, *et seq.*; Stiles vs. Stokes, 7 *East,* 493; 11 *J. R.* 38). The form of a plea of justification (2 *Chitty Pl.* 504), shows how the admision should be made. In the introductory part of the second answer the defendant denies each allegation of the complaint except as therein stated and admitted. The answer then sets up facts enough to show that the plaintiff was guilty of perjury, but does not admit that the defendant ever made the charge. This part of the answer should have concluded thus: "Whereupon the said defendant afterwards, to wit, on &c.

at the several times in the fourth count of the said complaint stated, did speak and publish the said words of and concerning the said plaintiff in that count mentioned, as he lawfully might for the cause aforesaid;" or that he spoke certain of the words mentioned in the count, specifying them, or such of them as are intended to be justified. The answer, without some such admission, is insufficient and obnoxious to a demurrer.

The third defence stated in the answer is still more insufficient. It merely says that the words set out as slanderous in the fourth count of the complaint are true.

I am aware that the schedule of forms annexed to the first report of the commissioners on practice and pleadings, page 269, gives countenance to such an answer as the present. Those forms were never adopted by the legislature; and the one for a justification in libel or slander is utterly inconsistent with the Code. The Code requires that an answer shall contain in respect to each allegation of the complaint controverted by the defendant, a general or specific denial thereof, or a denial thereof according to his information and belief, or of any knowledge thereof sufficient to form a belief; *or a statement of any new matter constituting a defence*, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. In this case the defendant does not deny the speaking the words but says they are true. In other words, he charges the plaintiff with the crime of perjury. His answer should contain a statement of the facts which constitute that crime. The plaintiff is well entitled to reply, controverting those facts, and thus have an issue framed which can be tried. The answer as drawn, states no facts, nor times, nor circumstances when and where the alleged perjury was committed. In " Anonymous" (3 *How. Pr. R.* 406), an answer like this, under the Code of 1848 was overruled as bad. That case arose at the Washington circuit. The same question has repeatedly been decided in the same way.

It has been urged that the proper remedy for the plaintiff was to move that the redundant matter of the answer be stricken out.

Perhaps with regard to the second defence that remedy might have been pursued. The effect would have been to leave on the record nothing but the general denial of the speaking of the words. The plaintiff was at liberty under the amended Code to .demur, as he has done.

As the practice is new, I will allow the defendant to amend on payment of twenty-one dollars costs.

There must be judgment for the plaintiff on demurrer to the second and third defence, with leave for the defendant to amend his answer within twenty days after notice of the judgment, on the payment of twenty-one dollars costs.

The other demurrer is overruled without costs. The plaintiff is excused from costs of that demurrer for the reason that the form of the answer made it doubtful whether the part objected to was a separate defence or a part of the second defence. The defendant should not be paid for misleading the plaintiff's attorney.